UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MORGAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:07-CV-717-SNL |
| | ) |
| JAMES MURPHY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of James Morgan (registration no. 6865) and Altonio Campbell (registration no. 39244) for leave to commence this action without payment of the required filing fee.[1]

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

---

[1]The Court requested plaintiffs to submit certified copies of their prison account statements, and in response, plaintiffs informed the Court that in spite of their efforts to comply, they have been unable to obtain the requisite information. In light of these facts, the Court will not assess an initial partial filing fee at this time.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs, inmates presently confined at the St. Louis City Justice Center, seek monetary relief in this 42 U.S.C. § 1983 action against defendants James Murphy (Sheriff), the City of St. Louis, and "Office of Public Defender." Plaintiffs state at the time of filing their complaint, they were confined at the Medium Security Institution ("MSI"). They allege that defendant Murphy "is overcrowding . . . MSI with prisoners who are being forced to sleep on the building floor in area[s] designed for less people," which "has resulted in . . . violations [of] . . . access to the courts." Plaintiffs claim that defendant City of St. Louis "is the owner of the facility." In addition, plaintiffs claim that their constitutional rights are being violated by the "public defenders office in that the attorneys have an overloaded case load and aren't filing the necessary motions to gain [their] release."

Having carefully reviewed plaintiffs' allegations, the Court concludes that the complaint is legally frivolous. Plaintiffs' allegations regarding overcrowding at MSI are vague and conclusory and do not state a claim for a violation of their constitutional rights. Plaintiffs' attempt to assert an access-to-the-courts claim is meritless, given that plaintiffs do not allege that they have suffered "actual prejudice with respect to contemplated or existing litigation." See Lewis v. Casey, 518 U.S. 343, 348 (1996). Last, the "Office of Public Defender" is not a suable entity; and

furthermore, public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' original motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED** as moot**.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of July, 2007.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**